LAMY, Judge.
The appellants contest the trial court’s interpretation of their father’s will and the father’s testamentary request that the bequests be subject to collation. They also contest the judgment of possession rendered by the trial court, contending that the instrument does not sufficiently place them into possession, but only unnecessarily continues the administration of the successions. For the following reasons, we affirm.
Factual and Procedural Background
This matter involves the successions of Gloria Joan Hawsey and her husband, Lemuel E. Hawsey, Jr. Mrs. Hawsey predeceased her husband on February 17, 1990. She died intestate. Mr. Hawsey died on December 3, 1999, leaving a will with instructions that his estate be divided among the couple’s eight children. He also left specific instructions regarding the formula to be used in calculating each child’s portion, instructions which are at issue in this case. Furthermore, Mr. Hawsey designated that Lyle E. Hawsey, one of the couple’s sons, be named as executor of his estate.
Lyle opened the successions on December 17,1999, with the filing of a Petition to Probate Olographic Testament, Codicil, and Petition for Appointment as Administrator. He requested to be appointed administrator of his father’s estate, per his father’s instructions, and administrator of Mrs. Hawsey’s estate as well. The order appointing Lyle as administrator of each estate was signed by the trial court on the same date.
*1094 |RIn February 2000, the majority of the heirs[1] of Mrs. Hawsey’s succession (hereinafter “heirs”), Lemuel E. Hawsey, III,[2] Lois Evelyn Kelley, Leigh E. Hawsey, Laura Strohmeyer, and Lisa Elaine Haw-sey, filed a Joint Petition for Possession, alleging that they should be sent into possession of the property of Mrs. Hawsey’s succession. They pointed out that her succession was entirely free from debt. Lyle, as the representative of both successions, filed an answer to the petition, alleging that issues of community property remained and expenses of the upkeep of community property continued. The trial court denied the February 2000 petition for possession in an August 2000 judgment.
During this time period, the administration of the successions continued, with Lyle seeking authorization of the court to pay various estate expenses and for action on behalf of the successions. In March 2001, Lyle as executor of Mr. Hawsey’s estate, filed a Petition for Declaratory Judgment, naming the other heirs as defendants. The petition contained a prayer for a declaration that the provisions of Mr. Hawsey’s olographic will requesting collation, are valid and binding. Lyle noted that several of the heirs opposed the collation provisions. He asked the court for a declaration that the testamentary intent demonstrated by the will would be honored. |sIn response to the petition for declaratory judgment, the heirs opposing collation filed a peremptory exception of no right of action, alleging that Lyle, as executor of the estate and a named legatee, had no right to demand collation under the Louisiana Civil Code. They also filed a peremptory exception of prescription, alleging that collation actions taken with regard to Gloria’s succession were barred as she had died in excess of ten years before the demand for collation.
In December 2001, the trial court rendered a judgment denying the exceptions of no right of action and prescription. Further, the trial court granted Lyle’s petition for declaratory judgment, determining that the olographic will was binding. Following this judgment, Lyle, as representative of the successions of Mr. and Mrs. Hawsey, and on behalf of the other heirs, filed a “Petition for Possession and Continuation of Administration as Provided by CCP Art. 3362 and 3372.” A judgment in response to the petition was filed on December 13, 2001, declaring that the heirs were entitled to be placed into possession.
The heirs appeal, assigning the following errors:
I. The trial court erred in overruling appellants’ peremptory exception of no right of action.
II. The trial court erred in overruling appellants’ peremptory exception of prescription.
III. The trial court erred in rendering a judgment for collation based on insufficient evidence, ie., calcula *1095 tions that were made without reference to the law of collation.
IV. The trial court erred in signing the ex parte “Judgment of Possession and Continuation of Administration as Provided by CCP Arts. 3362 and 3372.”
^Discussion

Peremptory Exceptions

In their first two assignments of error, the appellants contend that the trial court erred in not granting peremptory exceptions of no right of action and prescription. They contend that provisions of the Louisiana Civil Code should control Mr. Hawsey’s testamentary request that bequests made be subjected to collation. Accordingly, they contend that Lyle, as a named legatee, is not the forced heir named as one who can demand collation under La.Civ.Code art. 1235.[3] Further, the appellants contend that the exception of prescription should have been granted under La.Civ.Code art. 3499,[4] insofar as Mrs. Hawsey’s succession is concerned as there was no demand for collation within ten years of her death. Our review of the record indicates that the appellants’ arguments regarding the exceptions are misdirected.
The portions of Mr. Hawsey’s olographic will at issue in this case are as follows:
My wife and I had eight children. All of them are above the age of twenty-three (23) years and all of them are capable of taking care of themselves.
[[Image here]]
| «¡From time to time during my life I have given monetary gifts to my children, some of them much more than others. For that reason I desire that collation be made and the value of all gifts to be fictitiously returned to the estate for the purpose of determining the value after collation, hereinafter referred to as Gross Estate.
I give and bequeath to Anne Marie Rib-beck Phillips one-eighth (1/8) of my gross estate less any and all sums I have given to my oldest son, Lemuel Earl Hawsey, III, better known as “Chick.”
After the bequest to Anne Marie Rib-beck Phillips has been deducted from the gross estate that remaining shall be divided into seven equal parts. One (1) part is bequeathed to my daughter Linda Ellen Hawsey; one (1) part to my daughter Lois Evelyn Hawsey; one (1) part to my son Leigh Ellis Hawsey; one (1) part to my daughter Laura Edith Hawsey; one (1) part to my daughter Lynn Eileen Hawsey; one (1) part to my son Lyle Edward Hawsey; and one (1) part to my daughter Lisa Elaine Hawsey.
The olographic will, dated September 20, 1998, is attached to the Petition for Declaratory Judgment, as is another document prepared by Mr. Hawsey entitled “Collation Instructions & Data.” This latter document is addressed “To my Children” and contains general information regarding the *1096 background of the concept of collation. The document provides, in part:
When I die, I want to treat my children equally, not to favor one over another. I think that is the way your Mother also thought. I did not keep books of account until I began to use a computer and that was in 1985. The first accounting software program that I used was New Views. It was used to keep tabs of my checking and savings accounts. When I wrote a check to help a child in need, I had to post the check to some account. I began posting checks to accounts in the name of each of my children. When my estate is settled after my death I hope there is equality among my children. Collation means to fictitiously bring all gifts back into the estate, then divide the estate so that each child receives the same amount.
To effect collation may sound like an impossible task, there being eight children and hundreds of gifts made. That is not impossible in the age of computers. Most all transactions were done by check or credit card, so it was easy to determine what was given to each child during my lifetime. During the last couple of years of your Mother’s life I think she may have helped some of you but I am not concerned with that. So be it.
_k- • • •
I have no immediate expectation of death, any information to the contrary is overstated and greatly exaggerated. To give you some basis to work from, I have gone over my records in New Views and Quicken to learn how much I have given each of my children. As a cut off date I have used my birthday, August 13, 1998. Additional gifts are given almost monthly so the amounts will need to be updated in the future.
My records show that:
Chick received $ 50,285.80
Linda received 2,600.09
Lois received 24,160.44
Leigh received 40,456.65
Laura received 9,834.43
Lynn received 27,062.60
Lyle received Lisa received 5,265.73 29,087.75
Total $188,864.49
A detailed breakdown of each child’s gifts is shown on the following parts. A listing of each child’s gifts are in two parts. While it does not state, the first part ends with 13 August 1996. The second part covers the period 13 August 1996 to 13 August 1998. What all of this means is, I would like for each of you to collate your gifts after my death so that each will have been treated equally. I love all of you equally.
In denying the exceptions, the trial court explained that Mr. Hawsey’s intent was expressed in the will and that it would be followed as directed by Mr. Hawsey. The court stated, in part:
It was always my thought, first place, that the will was valid. It was my thoughts that the decedent, Judge Haw-sey, spelled out exactly what he wanted in this thing. I see no reason why I shouldn’t distribute these funds and properties as the man wanted. I mean it’s not ambiguous or anything. In fact, he has an elaborate formula.
The denial of the exceptions of no right of action and prescription indicates that the trial court considered this to be a case involving issues of testamentary intent rather than ones of collation particularities. La.Civ.Code art. 1611 provides, in part:
|7A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The *1097 following rules for interpretation apply only when the testator’s intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
It is clear from the above documents that Mr. Hawsey intended for his gifts to the children to be taken into account when calculating each child’s portion of the estate. He declared that he wanted his children to be treated equally, and made calculations according to his personal records. His directions make clear his intent and establish the “formula” by which he desired the bequests to be made. Thus, because it is of no moment that Lyle is not a forced heir when considering Mr. Haw-sey’s declared testamentary intent and because Lyle filed the petition for declaratory judgment as executor of his father’s estate, we find no error in the trial court’s denial of the exception of no right of action. Furthermore, as this matter is not one proceeding according to the dictates of statutory collation, we further find no error in the denial of the exception of prescription.

Calculation of “Collation Figures”

Following the denial of the exceptions discussed above, the trial court considered the Petition for Declaratory Judgment, hearing testimony from a certified public accountant who reviewed Mr. Hawsey’s financial documents and arrived at figures for the gifts to each of the children. The appellants contend that the trial court erred in accepting these figures, which were included in the declaratory judgment, as the figures take into account the law of collation.
Resolution of this issue follows along the model of our discussion above. Mr. Haw-sey left specific instructions for the consideration of the various gifts to his children. He made his own calculations, reporting his figures in his “Collation | ¡¡Instructions & Data,” a portion of which is set forth above. At the hearing on the Petition for Declaratory Judgment, a certified public accountant, who had previously been appointed by the court to review the financial documents, testified as to the gifts given to each child. Although the accountant, who reviewed Mr. Hawsey’s records as well as bank records, found some mathematical calculation errors, he reported substantially similar figures to those contained in Mr. Hawsey’s “instructions.” Our discussion of the previous assignments of error discounted any merit in the assertion that some of the gifts included in the calculation should not have been subject to collation as they are excluded by the statutory rules for collation. Here, we also find meritless any argument that the trial court erred in accepting the figures of the court-appointed accountant.

Judgment of Possession

On December 13, 2001, Lyle filed a “Petition for Possession and Continuation of Administration as Provided by CCP art. 3362 and 3372.” The petition contained a prayer that the heirs be placed into possession of their respective portions, subject to the reductions for the gifts received, and that Lyle be authorized to pay expenses of the successions. Furthermore, the petition contains a request that “LYLE EDWARD HAWSEY, as the duly appointed Administrator/Executor of these successions be ordered to continue as the legal representative of said successions due to the complexity and necessity, until further orders of court [sic].” The judgment of possession, reflective of the petition’s prayer, was signed and filed on the same date.
The appellants contend that the judgment should not have been signed as it does not comport with the requirements of La.Code Civ.P. art. 3061, which provides:
19Art. 3061. Judgment rendered and signed immediately
*1098 The court shall render and sign immediately a judgment of possession if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for, and that all inheritance taxes due have been paid .or deposited into the registry of the court, or that no such taxes are due and that an inheritance tax return, with the required accompanying documents, have been filed with the collector of revenue. The judgment shall recognize the petitioners as the heirs, legatees, surviving spouse in community, or usufructuary, as the case may be, of the deceased, send the heirs or legatees into possession of the property owned by the deceased at the time of his death, and recognize the surviving spouse in community as entitled to the possession of an undivided one-half of the community property, and of the other undivided one-half to the extent that he has the usufruct thereof. The judgment shall include the last known address of at least one of the heirs or legatees or the surviving spouse, as the case may be, sent into possession of the property of the deceased. The failure to include the address of at least one of the heirs or legatees of the surviving spouse shall not affect the validity of the judgment.
In particular, the appellants contend that the judgment fails to “send the heirs or legatees into possession of the property ...” as is required by the Article. Instead, the appellants argue, it only states that it entitles them to be placed into possession and further provides for Lyle’s continued involvement as administrator/executor of the estates. In short, the appellants contend that the judgment changes nothing.
We disagree, as our review of the judgment indicates that the heirs are individually ordered to be placed into possession of their respective portions of the estates.[5] Enforcement of the judgment is not before this court. As far as the continuation of Lyle as the legal representative of the successions, we find no error |1flin the inclusion of this provision. The successions to date have indicated that their progression has been sufficiently problematic to indicate that future representation may be called for. This argument lacks merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellants, Lois E. Kelley, Leigh E. Hawsey, Laura Strohmeyer, Lisa E. Hawsey, and Anne M. Hawsey.
AFFIRMED.

. La.Civ.Code art. 876 provides that:
There are two kinds of successors corresponding to the two kinds of succession described in the preceding articles:
Testate successors, also called legatees. Intestate successors, also called heirs.
Although the children of Mr. and Mrs. Haw-sey are the "heirs” of their mother's intestate succession and "legatees” under their father’s will, we sometimes refer to the majority of the children in these proceedings, who are the appellants, as the "heirs” for ease of discussion.

. On May 8, 2000, Anne M. Phillips Hawsey, filed an intervention in the matter, stating that "she is not an heir of Gloria Joan Buter-baugh Hawsey as required by Article 3362 of the Louisiana Code of Civil Procedure, but she is the donee of all of the right, title, and interest of Lemuel E. Hawsey, III in and to the succession of his late mother, Gloria Joan Buterbaugh Hawsey.”

. La.Civ.Code art. 1235 provides:
Art. 1235. Persons entitled to demand collation
The right to demand collation is confined to descendants of the first degree who qualify as forced heirs, and only applies with respect to gifts made within the three years prior to the decedent’s death, and valued as of the date of the gift. Any provision to the Civil Code to the contrary is hereby repealed.

. La.Civ.Code art. 3499 provides:
Art. 3499. Personal actions
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

. For example, the judgment contains the following order:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Petitioner, LAURA EDITH HAWSEY STROHMEYER, is to be placed into possession of an undivided one-eight (&) interest in the assets and estate of Lemuel Earl Hawsey, Jr., less the above sum of $9,665.73 that is owed to said decedent’s estate.
Similar orders are contained for the other children as well.